UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NICHOLAS WILCOX,

          Petitioner,

v.

THE STATE OF NEVADA, *et al.*,

          Respondents.

Case No. 3:23-cv-00397-ART-CSD

ORDER

Nicholas Wilcox, a Nevada Prisoner, has submitted a pleading styled as a "motion to vacate judgment and/or correct an illegal sentence" (ECF No. 1-1) and filed an application for leave to proceed *in forma pauperis* (ECF No. 3). With his motion, Wilcox claims that the State of Nevada lacked jurisdiction to impose the sentence he is currently serving. For reasons explained below, this case will be dismissed without prejudice.

First, a petition for writ of habeas corpus is the exclusive remedy in federal court to challenge a state court conviction. *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016). To present a cognizable federal habeas corpus claim, a state prisoner must allege that the state court violated his federal constitutional rights or the laws of the United States. 28 U.S.C. § 2254(a); *see Reed v. Farley*, 512 U.S. 339, 347 (1994). Thus, to obtain the relief he seeks, Wilcox must bring a habeas action under 28 U.S.C. § 2254 alleging that his state court conviction violates federal law.

In addition, a state prisoner seeking relief under § 2254 "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Here, Wilcox filed a

motion to correct an illegal sentence in state district court, making essentially the same argument he makes in his pleading in this case, and unsuccessfully appealed the court's order denying the motion. *See Wilcox v. State*, 2023 WL 3324985 (Nev. App., May 8, 2023). It does not appear that he has presented any federal law claims to the state courts by way of a direct appeal of his judgment of conviction or a state post-conviction petition.[1]

If Wilcox wants to bring a habeas action under § 2254, he must do so on the form provided by this court. LSR 3-1, Local Rules of Practice, U.S. District Court of Nevada. He is advised that this court will not be able to grant habeas relief unless he has first exhausted available state court remedies for his federal claims. In addition, the state district court's online docket indicates that Wilcox's judgment of conviction was entered on March 9, 2018, but he did not file his motion to correct his sentence until October 13, 2022. Thus, it is likely that the one-year statutory time period for filing a federal habeas petition has long since expired. *See* 28 U.S.C. § 2244(d). If Wilcox believes he can overcome these impediments, he may file a "protective" habeas petition and ask this court to stay and abey the federal habeas proceedings until state remedies are exhausted. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

It is therefore ordered that this action is dismissed without prejudice. The Clerk of the Court shall enter judgment accordingly and close this case.

It is further ordered that no certificate of appealability shall issue as reasonable jurists would not find this decision to be debatable or wrong.

It is further ordered that Wilcox's application for leave to proceed *in forma pauperis* (ECF No. 3) is denied as moot.

It is further ordered that the Clerk shall send Wilcox two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a

---

[1] The court takes judicial notice of the docket for Wilcox's state criminal proceedings available online at https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=11422836.

noncapital Section 2254 habeas petition form, and one copy of the instructions for each form.

DATED THIS 21st day of August, 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3